### MANER v. DAVIS

#### (110 S. E. 926)

DEEDS—FRAUDULENT CONVEYANCES.—Where the preponderance of the evidence is against the validity of a deed alleged to have been forged, the Court will not disturb the finding of a Special Referee, confirmed by the Circuit Judge, setting said deed aside as fraudulent.

Before PEURIFOY, J., Hampton, 1920.    Affirmed.

Action by Anna M. Maner et al. against R. W. Davis to cancel a deed from W. F. Maner, then deceased, to R. W. Davis. From judgment cancelling said deed the defendant appeals.

*Messrs. J. W. Manuel* and *Grier & Park,* for appellant. No citations.

*Messrs. Hagood, Rivers & Young,* for respondents, cite: *Finding of Master in equity case confirmed by Circuit Court will not be disturbed if there is any evidence to support it:* 26 S. C., 251; 32 S. C., 160: *Presumed that Court relied only on competent testimony:* 94 S. C. 62; 109 S. C., 160. *Statements by deceased competent:* 109 S. C., 424. *Testimony of Davis of transactions with*

*Maner incompetent*:   Code Proc. 1912, Sec. 438; 47 S. C., 488.

*Mr. Randolph Murdaugh,* for respondents, cites:   *Report of Master confirmed by Circuit Judge will be sustained*:   103 S. C., 307; 100 S. C., 157; 100 S. C., 144; 101 S. C., 362; 96 S. C., 386; Sec. 438, Code Proc. 1912, construed; 12 S. C., 32.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

It does not necessarily follow, as the appellant's counsel assert, that an affirmance of the circuit decree amounts in effect to a conviction of the defendant of forgery and perjury.   The issue is determined by the preponderance of the evidence, and unfortunately for the defendant (a misfortune which might occur to a perfectly innocent man), he is encompassed by circumstances largely of his own making, which render it impossible for this Court to conclude that the circuit decree is contrary to the preponderance of the evdence, a burden admittedly assumed by him.   He has failed to produce the original deed, by an inspection and comparison of which its authenticity might have been established; its absence militates strongly against him, and his explanation of its loss is unsatisfactory.   The deed is alleged to have been executed in another State; he furnishes no explanation of this fact and no evidence of the grantor's presence there at the time, other than the meagre identification of him by the Notary Public who probated the deed.   The subscribing witnesses are not produced, although they are shown to be known and to have been located.   The probate of the deed is without date, and the Notary Public's testimony is vague and unconvincing, and evidently erroneous in reference to the presentation to her, after the controversy arose, of the original deed, at that

time strangely lost. The defendant has produced no record evidence of the payment by him of the initial cash payment of $500; no cancelled check; no receipt of Maner; no deposit by Maner; no entry in his books of account. If the defendant executed a note and mortgage for the deferred payments, no evidence thereof has been produced. It is highly improbable that the transaction would have been concluded without them, and, if they were executed, it is passing strange that not a trace of them appears anywhere; the suggestion that they were destroyed by the administrator is exceedingly improbable, so long as the deed appeared upon the record and the question of its invalidity undetermined. The conclusions of the special referee, confirmed by the Circuit Judge, are entirely satisfactory. The judgment of this Court is that the decree of the Circuit Court be affirmed.